IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

|  |  |  |
|---|---|---|
| V.L. ROBINSON | ) | |
| | ) | |
| v. | ) | No. 3:06-0033 |
| | ) | JUDGE CAMPBELL |
| PTS OF AMERICA, LLC, et al. | ) | |

MEMORANDUM

Pending before the Court is Motion to Dismiss or for Summary Judgment Filed by Defendants PTS of America, LLC and Thomas Dupree (Docket No. 8). For the reasons stated herein, Defendants' Motion to Dismiss (Docket No. 8) is DENIED and Defendants' Motion for Summary Judgment (Docket No. 8) is DENIED.

FACTS

Defendant PTS of America, LLC ("PTS") is a Tennessee corporation which operates a prisoner transportation service under contract with the State of Wisconsin and other States (Docket No. 1 at 1). Defendant Thomas Dupree ("Dupree") is an employee and/or agent of PTS and is either a resident of the State of Tennessee or the State of Alabama (Docket No. 1 at 1). Plaintiff, V.L. Robinson, is a resident of the State of Georgia, and at all times pertinent to this action, was in the custody of PTS while being transported from Georgia to Wisconsin (Docket No. 1 at 2).

On or about December 31, 2004, Plaintiff was stopped for a minor traffic violation in DeKalb County, Georgia (Docket No. 1 at 3). During the traffic stop, the police discovered an outstanding arrest warrant for Plaintiff from Wisconsin for interference with child custody and obstruction of justice, and Plaintiff was arrested (Docket No. 1 at 3). After her arrest, Plaintiff waived extradition to Wisconsin, and PTS made arrangements to transport Plaintiff to Wisconsin

(Docket No. 1 at 3).

On January 10, 2005, Defendants Albert Hartford ("Hartford") and Dupree, as agents and/or employees of PTS, arrived in Georgia in order to transport Plaintiff to Wisconsin (Docket No. 1 at 3). After being handcuffed and shackled, Plaintiff was led onto a PTS van where Hartford made sexually suggestive comments concerning Plaintiff's body in front of Dupree and other prisoners (Docket No. 1 at 4). In Barton County, Georgia, the van stopped for a bathroom break (Docket No. 1 at 4). As Plaintiff stepped back into the van after the bathroom break, Hartford grabbed Plaintiff's buttocks and slipped his hand between her legs and touched her genitals through her clothing (Docket No. 1 at 4). Plaintiff then yelled and cursed at Hartford (Docket No. 1 at 4). Between Chattanooga and Nashville, Tennessee, Plaintiff fell asleep (Docket No. 1 at 4). When Plaintiff awoke, she found her clothes in disarray and the other prisoners on the van told her that Hartford had unbuttoned her blouse, pushed her bra aside, exposed her breast and then groped between her legs (Docket No. 1 at 4). When the van stopped at a facility in Hardin County, Kentucky, Plaintiff spoke to Dupree about Hartford's actions (Docket No. 1 at 4). Dupree replied that he did not care about her problems, that he had domestic problems of his own, and he was going home (Docket No. 1 at 4). At the Hardin County, Kentucky facility, Plaintiff overheard Hartford telling Hardin County official that the prisoners were troublemakers and that they should be isolated and not allowed to talk to anyone (Docket No. 1 at 5). On the last day at the Hardin County facility, Plaintiff was allowed to talk to a supervisor of the facility and reported what had occurred after the bathroom stop (Docket No. 1 at 3). Thereafter, replacement transportation agents were assigned to complete the trip to Wisconsin (Docket No. 1 at 5).

Plaintiff was released from PTS custody on January 19, 2005, and released from confinement by a Wisconsin Court on February 7, 2005 (Docket No. 1 at 5). On January 18, 2006, Plaintiff filed her complaint in this action alleging violations of 42 U.S.C. §1983 ("Section 1983") and various state law claims, including state law claims for negligence, outrageous conduct and battery.

Defendants PTS and Dupree have filed a motion to dismiss Plaintiff's complaint arguing that Plaintiff's complaint was not filed within the one year statute of limitation applicable to cases under Section 1983. More specifically, PTS asserts that the conduct which forms the basis of Plaintiff's complaint occurred on either January 10 or 11, 2005, and that Plaintiff's complaint was not filed until January 18, 2006. Thus, PTS and Dupree argue Plaintiff's complaint is time barred. Alternatively, PTS and Dupree argue that summary judgment is appropriate in this action because there are no genuine issues as to any material facts.[1]

MOTION TO DISMISS

The purpose of Rule 12(b)(6) of the Federal Rules of Civil procedure is to test whether Plaintiff has stated a claim upon which relief may be granted. <u>Tennessee Protection and Advocacy v. Bd. of Educ. of Putnam County, Tennessee</u>, 24 F. Supp. 2d 808, 813 (M.D. Tenn. 1998). "Under Rule 12(b)(6), a complaint may be dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Id</u>. (quoting <u>Michigan Bell Telephone Co. v. MFS Internet of Mich., Inc.</u>, 16 F. Supp. 2d 817, 822-23 (W.D. Mich. 1998)). "The complaint must be construed in the light most favorable to the

---

[1]The Court notes that Defendants' motion is limited to Plaintiff's Section 1983 claim and does not address whether Plaintiff's state law claims also are barred under the applicable statute of limitations.

3

plaintiff, and its well-pleaded facts must be accepted as true. The Court, however, need not accept as true legal conclusions or unwarranted factual inferences."

ANALYSIS

In response to PTS' and Dupree's allegations that Plaintiff's complaint against them was filed outside the applicable statute of limitations period, Plaintiff asserts that the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997(e), tolled the statute of limitations period applicable to her Section 1983 claim during the period of her incarceration, from December 31, 2004 through February 7, 2005. Alternatively, Plaintiff alleges that the statute of limitations is tolled by Tenn. Code Ann. §28-1-109 and §28-1-111.

The statute of limitations period for Section 1983 actions is dictated by state law, but federal law determines when the statute begins to run. Sharpe v. Cureton, 319 F. 3d 259, 266 (6th Cir. 2003), cert denied, 540 U.S. 876, 124 S. Ct. 228, 157 L. Ed. 2d 138 (2003). For all Section 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the alleged injury occurred. Wilson v. Garcia, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). See also, Sellars v. Perry, 80 F. 3d 243, 245 (7th Cir. 1996). Plaintiff's complaint contains allegations of injury occurring in Georgia and Tennessee. Georgia has a two year statute of limitations for personal injury claims and Tennessee has a one year statute of limitations for personal injury claims. Sharpe, 319 F. 3d at 266; McMillian v. City of Rockmart, 653 F. 2d 907, 910 (5th Cir. 1981). Accordingly, a two year statute of limitations period governs Plaintiff's Section 1983 claim for injuries occurring in Georgia and a one year statute of limitations period governs Plaintiff's Section 1983 claim for injuries occurring in Tennessee. The statute of limitations begins to run when a plaintiff knows or has reason to know of the injury

4

which is the basis of the action.  McCune v. City of Grand Rapids, 842 F. 2d 903, 905 (6th Cir. 1988).

Because Plaintiff's complaint based upon the injuries allegedly occurring during the bathroom stop in Georgia was filed well within the two year statute of limitations period applicable to personal injury claims in Georgia, PTS' and Dupree's Motion to Dismiss (Docket No. 8) with respect to these claims is denied.

A different analysis applies to Plaintiff's alleged injuries sustained in Tennessee, which fall outside of the one year limitations period established by Tennessee law, and are, thus, time barred unless the limitations period was somehow tolled.

A Section 1983 action is tolled under certain circumstances by application of the PLRA. The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a) (2003) (emphasis added).  See also, Brown v. Toombs, 139 F. 3d 1102 (6th Cir. 1998). In addition, in filing a federal lawsuit challenging prison conditions, a prisoner must allege and show that she has exhausted all available state administrative remedies and should attach the decision containing the administrative disposition of her grievance to the complaint, or, if no such written documentation is available, describe with specificity the administrative proceeding and its outcome.  Id. at 1104.  See also, Aldrige v. Gill, 47 Fed. Appx. 751, 752 (6th Cir. 2002).  The PLRA, therefore, prevents prisoners from bringing suit in federal court for the period of time state law remedies are available.  Brown v. Morgan, 209 F. 3d 595, 596 (6th Cir. 2000).  Because of this exhaustion requirement, the statute of limitations which applies to a plaintiff's Section 1983

5

remedies is tolled during the period in which available state law remedies are being exhausted. Id.

In reply to Plaintiff's argument that the statute of limitations applicable to her injuries sustained in Tennessee is tolled by application of the PLRA, PTS and Dupree assert that the PLRA does not apply in this case because Plaintiff was not a prisoner at the time she filed her lawsuit. PTS and Dupree also assert that Plaintiff's failure to allege exhaustion of her administrative remedies requires dismissal of her complaint. Finally, PTS and Dupree assert that the PLRA did not toll the statute of limitations because there were no state administrative remedies available to Plaintiff while in PTS custody.

The Court finds that the facts as alleged by Plaintiff, if proven true, could support a claim that application of the PLRA tolled the running of the statute of limitations applicable to Plaintiff's alleged injuries in Tennessee until Plaintiff's release by PTS. Thus, Plaintiff's complaint would be timely filed.

As an initial matter, the Court notes that PTS and Dupree are correct in their assertion that the PLRA's exhaustion requirement applies only to "prisoners" as defined by the PLRA. See, 42 U.S.C. §1997e(a) and (h). The PLRA defines prisoner as:

> Any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C. §1997e(h).

When Plaintiff filed her complaint after her release from confinement, she was no longer a "prisoner" subject to application of the PLRA. See, Smith v. Franklin County, 227 F. Supp. 2d 667, 676 (E.D. KY 2002); Ahmed v. Dragovich, 297 F. 3d 201, 210 (3rd Cir. 2002); Kerr v.

6

Puckett, 138 F. 3d 321, 323 (7th Cir. 1998). While Plaintiff no longer maintained the status of "prisoner"at the time of the filing of her lawsuit, Plaintiff clearly came within the definition of "prisoner" for purposes of the PLRA at the time she asserted her grievances against Hartford while in PTS custody. PTS and Dupree have not cited any authority for the premise that a plaintiff losses the benefit of a tolling period (made applicable by pursuit of administrative remedies while in custody) by virtue of release from prison. Thus, the one year Tennessee statute of limitations period would have been tolled during the period Plaintiff pursued her grievances while in PTS custody.

With respect to PTS' and Dupree's allegations that Plaintiff's compliant should be dismissed because Plaintiff failed to allege and show that she exhausted any available state administrative remedies, the Court finds that the facts as alleged by Plaintiff show that Plaintiff sought administrative relief from PTS through the only avenues of redress that were made available to her. More specifically, Plaintiff alleges that she spoke to Dupree about her alleged assault when the transport van stopped in Hardin County, Kentucky (Docket No. 1 at 4), and that on the last day at the Hardin County, Kentucky facility, Plaintiff reported her allegations of assault to a supervisor of the facility (Docket No. 1 at 5). In fact, Plaintiff's allegations that she pursued all remedies as were made available to her are underscored by PTS' and Dupree's repeated assertions that PTS does not and is not required to maintain administrative remedies.

Finally, with respect to PTS' and Dupree's allegations that the PLRA did not toll the statute of limitations applicable to Plaintiff's injuries sustained in Tennessee because PTS has not created any administrative remedies through which a prisoner being transported by PTS can file a grievance, the Court finds that Plaintiff has asserted facts that would establish that PTS was

7

acting as an agent of the State of Wisconsin when transporting Plaintiff from Georgia to Wisconsin (Docket No. 1 at 1-2). Thus, if such allegations of agency are proven true, Plaintiff's complaints against PTS as agent of the State of Wisconsin also could fall under the grievance procedures established by the State of Wisconsin. See Wisconsin Administrative Code, DOC 310.01, et seq. Accordingly, because Plaintiff has asserted facts to support a claim that Wisconsin grievance procedures apply to PTS acting as agent of the State of Wisconsin and that Plaintiff's complaints at the Hardin County, Kentucky facility operated to effectively toll the Tennessee one year limitations period, PTS' and Dupree's Motion to Dismiss with respect to Plaintiff's alleged injuries occurring in Tennessee is also denied (Docket No. 8).

Given the Court's ruling, the Court finds it unnecessary to address Plaintiff's alternative argument that the applicable statute of limitations is tolled by operation of Tenn. Code Ann. §28-1-109 and Tenn. Code Ann. §28-1-111.

PTS and Dupree alternatively ask for summary judgment on Plaintiff's complaint on the grounds that there is no genuine issue as to any material fact. While Plaintiff has not responded to Defendants' Statement of Undisputed Material Facts Filed by Defendants PTS of America, LLC and Thomas Dupree (Docket No. 9), accepting these facts as true for purposes of summary judgment, the Court finds that there remain material questions of fact whether Defendants were acting as agents of the State of Wisconsin, and, if so, whether Plaintiff effectively attempted to exhaust her administrative remedies while in PTS custody. Therefore, PTS' and Dupree's motion for summary judgment also should be denied.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8

Case 3:06-cv-00033  Document 19  Filed 04/24/06  Page 8 of 8 PageID #: 111